UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK LEDERTOUG,

        Plaintiff,

vs.

Case No. 07-15224

HON. GEORGE CARAM STEEH

HOME DEPOT U.S.A., INC. et al.,

        Defendants.
_____/

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC 26]

From 2002 until 2007, plaintiff Mark Ledertoug ("Ledertoug") was the owner of a customized 1996 Western Star Conventional 5900 tractor trailer ("truck"). Ledertoug used the truck in his work as a professional truck driver. In January 2005, Ledertoug registered the truck with the Michigan Secretary of State, listing his address as 856 University Place, Grosse Pointe, MI 48230. (Ledertoug Affidavit, ¶ 3).

Ledertoug states he got approval from "Mark", a manager of Home Depot Store #2707 in Roseville, Michigan ("Home Depot"), to park his truck in the store's parking lot in September, 2005. (Ledertoug Affidavit, ¶ 6-7). Ledertoug provided the store with his name, address and telephone numbers. (Ledertoug Affidavit, ¶ 9). Almost two years later, Ledertoug visited the Home Depot lot to check on his truck, and discovered it missing in July, 2007. A Home Depot customer service representative told Ledertoug that his truck had been towed from the lot by Official Towing. An Official Towing employee informed Ledertoug that Official Towing had towed the truck, and had subsequently auctioned it off.

From March 27, 2007, through at least April 18, 2007, Official Towing had an agreement with Home Depot to provide signs in conformance with Michigan law and to remove vehicles at the request of Home Depot. (Defendants' Exhibit 4). Signs in conformance with Michigan law were posted at Home Depot's lot. (Bancroft Affidavit, ¶ 5; Fraser Affidavit, ¶ 5). On April 17, 2007, LaJuan Thompson, a manager at Home Depot, requested removal of the truck from the parking lot. On April 18, 2007, Matt Bancroft of Official Towing dispatched a tow truck to remove Ledertoug's truck. Prior to removal of the truck, Mike Fraser, the tow truck driver, informed the Roseville Police Department of the pending removal so they could check the status of the vehicle in the Law Enforcement Information Network (LEIN).

Fraser provided the Roseville Police with the VIN number for the truck. Neither Fraser nor Bancroft provided the Roseville Police Department with an address for Ledertoug. (Bancroft Affidavit; Fraser Affidavit). Upon learning that the truck was not reported stolen in the LEIN system, the truck was towed by Official Towing. Pursuant to the Michigan Vehicle Code pertaining to abandoned vehicles, MCL 257.252a, the Michigan Secretary of State sent the TR-52 notice of abandonment to the owner of the truck, at the address shown in the records of the Secretary of State.

Ledertoug claims he never received any notice that his truck was being towed or was about to be auctioned. (Ledertoug Affidavit, ¶ 16). Ledertoug later learned that the notice had been sent to Somerset, New Jersey. (Ledertoug Affidavit, ¶ 17-18). The tow ticket shows Mark Ledertoug as the owner of the truck, and lists his address as 24 Schoolhouse, Somerset, NJ 8873.

The vehicle was not redeemed by Ledertoug. Defendants published notice of public auction on June 6, 2007 in the Macomb Daily. The public auction was held June 13, 2007. No bids were made for Ledertoug's truck at the auction, and title transferred to defendants to satisfy the accrued towing and storage fees.

In December, 2007, Ledertoug filed this action against Home Depot, Official Towing, Inc. and Boulevard & Trumbell Towing, Inc. Ledertoug has since settled his case with Home Depot. Remaining are Ledertoug's claims against the two towing defendants: Count VII, violation of MCL 257.252a of the Motor Vehicle Code; Count VIII, negligence and negligence per se; Count IX, statutory conversion; Count X, common law conversion. Defendant towing companies have filed this motion for summary judgment.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

ANALYSIS

The Michigan Vehicle Code governs the process for the removal of unauthorized vehicles and their disposition. MCL 257.252a, et seq. A vehicle that has remained on private property without the consent of the owner is deemed abandoned within the meaning of the statute. MCL 257.252a(2)(a). The property owner may have an abandoned vehicle taken into custody by contacting a local towing agency. MCL 257.252a(9). The owner of the property must ensure the statutorily prescribed signs are posted in the statutorily prescribed manner on the property before it can authorize removal of a vehicle. MCL 257.252k. The towing agency must notify a police agency with jurisdiction over the vehicle that the vehicle is being removed prior to removing it. MCL 257.252a(10).

The police agency is then responsible for determining if a vehicle has been reported stolen, and have the vehicle entered into LEIN as abandoned. MCL 257.252a(10). Within the time limits prescribed by the statute, the police agency must notify the Secretary of State through LEIN that the vehicle has been taken into custody as abandoned. Then the Secretary of State must issue a form notice to the owner and secured party "as shown by the records of the secretary of state" that the vehicle has been taken into custody and is considered abandoned. MCL 257.252a(11) and (12).

I. Count VII - Violation of MCL 257.252a

Plaintiff alleges that the towing defendants violated MCL 257.252a by tampering with the notification process. However, the record evidence shows compliance with the following statutory requirements:

5

-The required signs were posted (Exhibits 1, 2 and 5). This is a duty of the property owner, Home Depot.

-Home Depot contacted Official Towing to remove the truck (Exhibits 5 and 6).

-Official Towing contacted the Roseville Police Department prior to removing the truck. This is the only statutory duty of the towing company. MCL 257.252a(10) (Exhibits 2 and 3).

-The Roseville Police Department confirmed the truck was not reported stolen before the truck was removed. MCL 257.252a(10) (Exhibits 2 and 3).

-The secretary of state issued the form notice. MCL 257.252a(11) and (12) (Exhibit 7).

-Notice of the auction was published (Exhibit 8).

-The public auction was held, no bids were received, and title to the truck was transferred to defendants (Exhibit 1).

There is no evidence that the towing defendants tampered with the notification procedures by giving the Roseville Police Department a different address. In fact, the statute only requires the local police agency to provide the secretary of state with the year, make, and VIN of the vehicle, the address or location from which the vehicle was taken into custody, the date the vehicle was taken into custody, the name and address of the police agency that had the vehicle taken into custody, the name and business address of the custodian of the vehicle, and the name of the court that has jurisdiction over the case. MCL 257.252a(11). At oral argument on the motion, plaintiff's counsel admitted that she had no evidence that defendant did anything wrong with regard to their statutory duty of notification. The secretary of state has to duty to "send to the

6

owner and secured party, as shown by the records of the secretary of state, by first class mail or personal service, notice that the vehicle is considered abandoned. . . " MCL 257.252a(12)(a).

Defendant's motion for summary judgment on Count VII, violation of MCL 257.252a, is granted because there is no evidence that the towing company defendants failed to comply with the notification procedures in the statute. All of the evidence submitted with the pleadings show the correct VIN number and the correct make and year of the vehicle that was towed.

II. <u>Count VIII - Negligence and Negligence Per Se</u>

In his complaint, plaintiff states that by consenting to tow the truck, defendant assumed a duty to provide plaintiff with notice. (First Amended Complaint, ¶ 94). There are two sources for duties imposed upon the tow truck company - statutory duties as discussed above, and common law duties, which would require the company to act with reasonable care. The Court has already concluded that the defendant tow truck companies complied with their statutory requirements in reporting the make, year and VIN number of the truck to the police department, and in waiting until the police department gave them notice that the truck was not stolen before towing it. These acts undertaken by the tow truck companies also fulfilled their duty of reasonable care. The defendants had no reason to know the truck was not abandoned, and they had no reason to know that notice would not be received by plaintiff. Under the circumstances presented by this case, there was no further action required by the defendants.

Defendants' motion for summary judgment on Count VIII is GRANTED.

7

III. Count IX - Statutory Conversion and Count X - Common Law Conversion

Plaintiff's complaint alleges that defendants exercised acts of wrongful dominion over his truck by intentionally dispossessing plaintiff of his truck, by using the truck without authority, by selling the truck or by misdelivering the truck. (First Amended Complaint, ¶¶ 107, 113). The tort of conversion is any distinct act of dominion wrongfully exerted over another person's personal property in denial of or inconsistent with the rights therein. Head v. Phillips Camper Sales & Rental, Inc., 234 Mich.App. 94, 111, 593 N.W.2d 595 (1999). In this case, by following the statutory requirements under the motor vehicle statute, defendants did not wrongfully exert dominion over the truck. Therefore, defendants did not commit the common law tort of conversion.

Statutory conversion, by contrast, consists of knowingly buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property . MCL 600.2919a; Head, supra at 111. MCL 600.2919a applies where the property has already been stolen, and a person receives, buys, or conceals the stolen property such as in a "fencing" operation. See Hovanesian v. Nam, 213 Mich.App. 231, 237, 539 N.W.2d 557 (1995). Under the facts of this case, the statute does not apply. Accordingly, defendants' motion for summary judgment on Counts IX and X is GRANTED.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is GRANTED in its entirety.

Dated: December 16, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 16, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---